UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CHINUA THOMPSON,

                      Plaintiff,

-against-

Police Officer JOHN EDGAR, Shield No. 7149; Lieutenant PATRICK DAVIS; Detective EDWARD VELARDI, Shield No. 712; Detective IAN CYRUS, Shield No. 2768; Police Officer RICHARD ALERTE, Shield No. 12008; Undercover Officer No. 0221; and Undercover Officer No. 0239; and JOHN and JANE DOE 8 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

12 CV 5510 (NGG)(LB)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Chinua Thompson ("plaintiff or Mr. Thompson") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer John Edgar ("Officer Edgar"), Shield No. 7149, at all times relevant herein, was an officer, employee and agent of the NYPD. Officer Edgar is sued in his individual and official capacities.

8. Defendant Lieutenant Patrick Davis ("Lieutenant Davis"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lieutenant Davis is sued in his individual and official capacities.

9. Defendant Detective Edward Velardi ("Detective Velardi"), at all times relevant herein, was an officer, employee and agent of the NYPD. Detective Velardi is sued in his individual and official capacities.

10. Defendant Detective Ian Cyrus ("Detective Cyrus"), at all times relevant herein, was an officer, employee and agent of the NYPD. Detective Cyrus is sued in his individual and official capacities.

11. Defendant Police Officer Richard Alerte ("Officer Alerte"), at all times relevant herein, was an officer, employee and agent of the NYPD. Officer Alerte is sued in his individual and official capacities.

12. Defendant Undercover Officer, No. 0221 ("UC No. 0221"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the name or shield number of UC No. 0221. UC No. 0221 is sued in his individual and official capacities.

13. Defendant Undercover Officer, No. 0239 ("UC No. 0239"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the name or shield number of UC No. 0221. UC No. 0221 is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 8 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 8 through 10.

15. At all times relevant herein, defendants John and Jane Doe 8 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 8 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 5:00 p.m. on January 3, 2012, plaintiff was lawfully in his home at 155 Siegel Street in Brooklyn, New York when he heard banging at the door.

18. A group of officers stormed into the home, searched plaintiff, his home and handcuffed plaintiff and others.

19. Plaintiff was carried outside of the apartment, at which point one of the officers entered the apartment with a bag and emerged with another bag, claiming it contained marijuana.

20. Plaintiff was transported to the 83rd precinct, where he was informed he was being charged with possession and sale of a controlled substance.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that plaintiff was complicit in the possession and sale of any illegal substance.

22. At no point was plaintiff in the sale or possession of any illegal substance.

23. Eventually, plaintiff was transported to Brooklyn Central Booking.

24. At approximately midnight on January 5, 2012 plaintiff appeared in

Kings County Criminal Court, where he was released on his own recognizance.

25. Plaintiff was compelled to appear in criminal court approximately five times to fight the false and mendacious charges levied against him before they were dismissed in their entirety on or about September 5, 2012.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Entry and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they entered plaintiff's home and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Unreasonable Force**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Malicious Prosecution**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

39. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

7

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper

DATED: April 24, 2013
New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwsflegal.com

*Attorneys for plaintiff*